## No. 11,897.

### MacGinnis, Auditor *v.* Newlon.

Decided July 5, 1927.

Action to compel payment of salary of adjutant general.    Judgment for relator.

### *Affirmed.*

1.   Militia—*Adjutant Gneral—Assignment to Duty.*    The appointment of adjutant general is itself an assignment to duty, and no specific order of the Governor is required.

2.   *Adjutant General—Assignment to Duty—Record.*    Assignment to duty of the adjutant general is not such an official act as would be required by C.L. sections 45 and 46 to be entered in the executive journal.

3.   *Adjutant General—Salary.*    If it should be necessary under the statute for the Governor to enter an order of assignment to duty of the adjutant general on the executive journal, failure in that respect would not in the least affect the latter's right to recover his salary.

4.   *Adjutant General—Duties.*    The adjutant general is required by statute to perform the duties of his office and he is not responsible for any omission of duty on the part of the Governor.

*Error to the District Court of the City and County of Denver, Hon. Samuel W. Johnson, Judge.*

Mr. Charles Roach, Mr. Jean S. Breitenstein, for plaintiff in error.

Mr. Henry E. Lutz, Mr. Harry S. Silverstein, for defendant in error.

*En Banc.*

Mr. Justice Sheafor delivered the opinion of the court.

On December 28, 1922, defendant in error Newlon, who will be hereinafter referred to as the relator, was appointed colonel and adjutant general of the state by Governor Shoup. He has since retained the office, and has discharged and fully performed the duties thereof, and received the salary of the office until May 1, 1926. From May 1, 1926 to May 3, 1927, relator received no salary because the state military board during that time failed and refused to issue vouchers to him therefor.

On January 13, 1925, the then Governor of the state, Governor Morley, undertook to relieve relator as civil adjutant general. The relator refused to recognize this order of the Governor, and thereupon the people, on relation of the attorney general, instituted an action in quo warranto in the district court to oust him from the office.

Upon the hearing the trial court found and adjudged "that the said defendant, Paul P. Newlon, is now and at all times since the 28th day of December, A. D. 1922, has been the duly appointed, qualified and acting adjutant general of the state of Colorado, and is entitled to the said office of adjutant general of the state of Colorado, together with all the rights, powers, privileges, fees, perquisites, emoluments and advantages belonging or appertaining thereto."

Thereupon the plaintiffs prosecuted error to this court where the judgment of the lower court on June 15, 1925 was affirmed. *People v. Newlon,* 77 Colo. 516, 238 Pac. 44.

On May 3, 1927, the state military board, as reorganized under the present state administration, with Governor Adams as ex officio chairman, recognized the right of relator to the office, and his right to the emoluments thereof, and issued a voucher for his unpaid salary in the amount of $4,800. This voucher was presented to the state auditor, for a warrant for the amount, which was refused. Thereupon proceedings in the nature of contempt were instituted in the district court asking that the state auditor, MacGinnis, hereinafter referred to as respondent, with others, be cited and required to show cause why they should not be punished for contempt of court in preventing relator from receiving his salary; also asking that an order be entered requiring that a warrant for relator's salary be delivered to him. These contempt proceedings were heard on June 3, 1927. Upon the hearing the trial court held that respondents were not guilty of contempt, but entered an order directing and requiring respondent MacGinnis to issue a warrant to relator for the salary claimed. To review and to set aside this order, the respondent MacGinnis prosecutes this writ of error and applies for a supersedeas. The application, made by relator, to the court, was not only for a citation for contempt, but asked for other relief as well. Some objections have been made to the nature of the proceedings and the want of a necessary party, but these objections seem to have been waived, and counsel on both sides desire that we determine the merits of the case.

Respondents' sole contention, as to the merits, is that relator is not entitled to his salary because compensation is allowed only "when on duty by order of the Governor"; that he is entitled only to his salary when he not only holds a commission, but has been assigned to duty

by the Governor; that that assignment must be entered upon a journal kept by the Governor in his office, and that relator has never been so assigned.

In support of this contention the attorney general cites section 3, Laws 1921, p. 626, which reads: "The compensation of all officers when on duty by order of the Governor shall be the same pay and allowance as is paid to officers of like grade in the regular army of the United States, including longevity pay for Federal and National Guard service, except commutation of heat, light and quarters. Provided, heat, light and quarters will be furnished when on field duty," and he also cites sections 45 and 46, C. L. 1921, which read: "45. He (the Governor) shall cause a journal to be kept in the executive office, in which shall be made an entry of every official act done by him, at the time when done. If, in case of an emergency, acts are done elsewhere than in such office, an entry thereof shall be made in the journal as soon thereafter as possible. 46. He shall cause a military record to be kept, in which shall be made an entry of every act done by him as commander-in-chief of the militia."

A brief résumé of the facts discloses that relator immediately upon his appointment entered upon the discharge of the duties of his office; that the duties of adjutant general are specifically prescribed by statute, and are manifold, important, constant, exacting, continuing, and doubtless require practically all his time and attention; that he continued in the performance of those duties up to the time of the institution of these proceedings; that during the ensuing two years following his appointment relator was recognized by the administration of Governor Sweet and the state military board of that period as the incumbent of the office; that vouchers for his salary for that period were issued by the military board of that administration; that relator was recognized as adjutant general by Governor Morley when he undertook to relieve relator as civil adjutant general

in January, 1925; that thereafter relator was again recognized by Governor Morley and the then state military board as adjutant general, and vouchers for his salary were issued, and his salary paid to him until May 1, 1926.

In the Newlon case, supra, we said, ''This defendant is most certainly a colonel discharging the duties of a position to which he has been duly assigned by proper authority, and that position is called 'Adjutant General.' ''

The appointment itself is an assignment to duty, and thereafter the appointee is ''on duty by order of the Governor.'' It could not well be otherwise in view of the statutory duties imposed upon the adjutant general, and this we think is true notwithstanding section 3, Laws 1921, above quoted.

The appointment is surely not a mere empty honor, but implies that the appointee shall proceed at once to the discharge of the duties of his office. We do not think it was contemplated by the Legislature that there should be a specific order of the governor placing him on duty when the statute specifically prescribes the duties which he must perform.

Neither can we agree to the proposition that this assignment to duty is such an official act of the governor as is required by sections 45 and 46 supra to be entered in the executive journal. If, however, those sections can be so construed, then we say that the failure of the governor to perform that duty would not in the least affect the right of the adjutant general to recover his salary. He is required by the statute to perform the duties of his office and is not responsible for any omission of duty on the part of the Governor.

The order of the lower court ordering respondent to issue a warrant to relator for the salary claimed was right. The supersedeas is denied and judgment affirmed.